IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLENE D. DOMINGUEZ,**

    **Plaintiff,**

vs.                                                                           CIV. No. 98-0320 JP/RLP

**FORT BAYARD MEDICAL CENTER,**
**NEW MEXICO DEPARTMENT OF HEALTH,**
**LINDA STELLMACHER-LESTER, Personnel**
**Director, in her official capacity, RAY SILVA,**
**Senior Safety Coordinator, in his official capacity,**
**and BRUCE CARBAJAL, Lead Laundry Worker,**
**in his official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On August 19, 1998 the defendants filed their "Motion to Dismiss Plaintiff's Breach of Contract Claims (Counts II and III of the Complaint)" (Doc. No. 20). The motion should be granted.

Plaintiff is a former employee of Fort Bayard Medical Center, a facility administered by the New Mexico Department of Health. In her complaint, Plaintiff asserts three claims against Defendants. In Count I, Plaintiff contends that she was wrongfully terminated, harassed and discriminated against in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. Defendants do not seek dismissal of Count I. In Count II, Plaintiff sets forth a claim for breach of contract. In Count III, Plaintiff claims breach of a covenant of good faith and fair dealing. In their motion, Defendants argue that Count II and Count III should be dismissed for lack of subject

matter and personal jurisdiction under Fed. R. Civ. P. 12(b)(1) and (b)(2) because the State has not waived its Eleventh Amendment immunity. Alternatively, Defendants assert that they cannot be sued on Counts II and III because the State of New Mexico is immune from suit for breach of contract and they move for dismissal of these claims under Fed. R. Civ. P. 12(b)(6).

### Eleventh Amendment

The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The state's immunity from suit in federal court extends to claims brought by its own citizens, although the Eleventh Amendment does not state that explicitly. *Edelman v. Jordan*, 415 U.S. 651 (1974). Furthermore, a state's Eleventh Amendment immunity extends to state officials acting in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169-170 (1985).

There are two exceptions to the broad grant of immunity provided by the Eleventh Amendment. First, Congress has the power to abrogate the Eleventh Amendment without a state's consent when Congress does so in accordance with Section 5 of the Fourteenth Amendment. In that section, "Congress is expressly granted the authority to enforce 'by appropriate legislation' the substantive provisions of the Fourteenth Amendment, which themselves embody significant limitations on state authority." *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). The Supreme Court added: "We think Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other

contexts." *Id*. Second, a state may also waive its immunity by consent. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234 (1985). Where there is a question regarding consensual waiver of immunity, a state will be deemed to have waived its immunity "only where stated 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Defendants are a state agency charged with the administration of a state facility and the agency's employees acting in their official capacities. As such, the Eleventh Amendment should extend to all Defendants in this action. Plaintiff has not set forth any allegations that would deny any of the defendants state immunity under *Ex Parte Young*, 209 U.S. 123 (1909). In that case, the Court held that a state official acting in violation of the United States Constitution does so without state authority and is therefore not protected by the its Eleventh Amendment immunity. *Id*. at 159-160. Plaintiff in this case asserts the Defendants breached contracts with the Plaintiff. There are no allegations in Counts II and III of unconstitutional conduct. Accordingly, Eleventh Amendment immunity should extend to the employee defendants

Plaintiff, in her pleadings and in her response to this motion, has failed to demonstrate that the State has forfeited Eleventh Amendment immunity to Counts II and III. Nothing in the pleadings or Plaintiff's response brief has set forth any documentation which suggests, with the most express language or by overwhelming implication from the text, that the State of New Mexico has waived immunity to be sued in federal court on the claims set forth in Counts II and III.

Defendant does discuss the waiver of immunity for contract claims found in NMSA 1978 §37-1-23, which provides that "Governmental entities are granted immunity from actions based

on contract, except actions based on a valid written contract." Such a general waiver only allows such claims to be brought in state court and is not sufficient in its language to be considered a waiver of Eleventh Amendment immunity. "[I]n order for a State statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). The language used in NMSA 1978 §37-1-23 fails to do so. Furthermore, Plaintiff fails to cite any laws of Congress that abrogate the State's Eleventh Amendment immunity to Counts II and III. Without the State's consent to be sued in this forum or explicit abrogation of immunity by Congress, this Court is without jurisdiction. The claims should be dismissed for lack of subject matter jurisdiction and personal jurisdiction under Fed. R. Civ. Pro. 12(b)(1) and (2).

### Sovereign Immunity

Defendants, in the alternative, argue that even if the Eleventh Amendment did not bar this case from being tried in federal court, Plaintiffs have still failed to state a claim upon which relief can be granted because of the doctrine of sovereign immunity. Therefore, they move in the alternative to dismiss Counts II and III in accordance with Fed. R. Civ. P. 12(b)(6). Defendants refer to NMSA 1978 §37-1-23(A) which provides: "Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." Consequently, Plaintiff can only recover if her claims are based on a valid written contract.

Plaintiff's complaint on its face, however, fails to assert that the contracts allegedly breached were in written form. Because NMSA 1978 §37-1-23(A) precludes remedy for breach of an oral contract, Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, Count II should be dismissed in accordance with Fed. R. Civ. Pro. 12(b)(6).

As for Count III, Plaintiff has asserted a cause of action for an alleged breach of implied covenant of good faith and fair dealing. "Whether express or not, every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enhancement." *Watson Truck & Supply Co., Inc. v. Males*, 111 N.M. 57, 60, 801 P.2d 639, 642 (1990). However, NMSA 1978 §37-1-23(A) grants immunity to the state for actions not based on a valid written contract. Therefore, in order for plaintiff to state a claim for breach of the covenant of good faith and fair dealing, the covenant itself, or the contract from which it is to be implied, must be in writing. As discussed above, there is no indication from the pleadings that there was a written contract, much less a written covenant of good faith and fair dealing. Without a valid written contract, NMSA 1978 §37-1-23(A) bars this action. Count III also should be dismissed under Fed. R. Civ. Pro. 12(b)(6).

IT IS THEREFORE ORDERED that Defendants' "Motion to Dismiss Plaintiff's Breach of Contract Claims (Count II and III)" (Doc. No. 20) is GRANTED and Counts II and III are DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE